Grafton,
Oct. 7, 1947.   } No. 3660.

MAUDE S. IBEY *v.* EVERETT F. IBEY *& a.*

*Carr & Gifford*, for the plaintiff.

*Robert W. Upton* and *John H. Sanders* (*Mr. Sanders* orally), for the defendants Ibey.

JOHNSTON, J. The Trial Judge correctly followed the law expressed in the former opinion. There it was stated that the plaintiff was entitled to recover if the gift to the defendants Ibey was made by the husband with actual intent to defraud his wife. Any right of one spouse to set aside a gift made by the other merely because it did not conform to a standard of reasonableness was rejected because it did not seem that the conduct of making gifts by a married person follows a sufficiently definite norm of reasonableness. Whether there may be such inequitable conduct on the part of a husband in disposing of his property by gift, other than with actual intent to defraud, so that relief would be granted, there was no occasion to consider. The plaintiff's bill alleged actual intent to dispose in fraud of her marital rights.

The defendants now argue that the bill should have been dismissed because not only must the plaintiff prove that the gift was fraudulent but also that it was unreasonably made, in other words, that the plaintiff has a dual burden. They agree with the thought expressed in the former opinion that unreasonableness of the gift is insufficient for recovery, but they also take the position that fraud is insufficient unless it is also found to be unreasonable. There is no such thing as reasonable fraud. Fraud may be harmless but it is not contended in the present case that the plaintiff did not suffer damage by reason of the gift of the bonds. The case of *Payne* v. *Tatem*, 236 Ky. 306, cited by the defendants in oral argument is one in which evidence of the reasonableness of a gift was allowed for the purpose of overcoming a presumption of fraud. The defendants had the same privilege of defense in the present case and furthermore there was no such presumption. The exceptions to the denial of the motions that the bill be dismissed are overruled.

Exceptions were taken to the admission of certain statements of the deceased husband bearing upon his intentions with respect to the wife's receiving any of his estate. While some of them referred to past actions, each and every one might reasonably be found by the trier of fact to indicate a present intention at the time of the declara-

tion that the wife should not have her distributive share in the husband's estate. The statements were properly admitted. *Ibey* v. *Ibey, supra,* 437.

One of the disputed questions in this litigation is whether Everett F. Ibey is the son of James H. Ibey. If he is not, then the latter died without issue and the interest of the plaintiff in the bonds would be greater. Certain evidence was received over the plaintiff's objection tending to prove that Everett F. Ibey was the son of the deceased by a former wife. The Court ruled: "In determining the question of whether or not James H. Ibey purchased these bonds for the purpose or with the fraudulent intent of depriving Maude S. Ibey of a part of her statutory rights in his estate, the Court has used this evidence, has considered that Everett F. Ibey was the son of James H. Ibey." The issue of paternity for the purposes of distribution is still undetermined. The order of trial procedure is for the Court to determine. It may properly defer a question of damages for a later trial. For cases on the order in which issues should be tried, see 2 Hening, New Hampshire Digest 1236, Procedure, IV. The attitude of the Court was sufficiently favorable to the defendants. They can ask no more with respect to the determination of the question of liability than that their contention in this matter of paternity be assumed as true.

The defendants offered to prove that the plaintiff herself possessed some property; namely, stock in one of the well known telephone companies. They were unable to give any evidence of the amount. The offer was properly denied. It could be found that the evidence was too indefinite or too remote.

A difficult question is raised by the exceptions to rulings permitting plaintiff's introduction in evidence of James H. Ibey's 1939 tax inventory and the amount of taxes paid by him in 1940. The rulings were erroneous. Valuations made by tax assessors in their official capacity are not admissible as evidence of value in proceedings other than those relating directly to the tax assessment. *Beers* v. *Davidson,* 81 N. H. 326; *State* v. *Giles,* 81 N. H. 328.

However, a case should not be remanded for a new trial because of an error in the admission of evidence unless the use of it may have been prejudicial. In *Grogan* v. *York,* 93 N. H. 184, 186, 187, it was held that where the parties substantially agreed on the place of an accident, it was not reversible error to allow hearsay evidence on that point. The incompetent evidence in the present case was introduced to prove ownership of an approximate amount of property to aid in establishing the fact that the deceased in spending $2,250 for the

government bonds gave over-generously of his property with the intent of defrauding his widow. For this purpose exactness was not required. The evidence that the deceased owned property in 1939 assessed at $8,700, was corroborated by evidence that he died September 6, 1941, leaving an estate inventoried at $9,041.75, which latter figure was admitted without objection and is not disputed. Rules of evidence should not be enforced "regardless of whether there is any dispute as to the need of enforcing that particular rule in the case in hand." 1 Wig. Ev. 248, s. 8a. On the record as it now stands it cannot reasonably be concluded that the truth is other than what was disclosed or that the defendants were injured by the incompetent evidence. Since the assessed valuations were used merely to prove an approximate quantity of property and were substantially corroborated by undisputed evidence, the error was harmless.

The provisions of Laws 1947, c. 110, relating to justices of the Superior Court sitting whenever two or more justices of the Supreme Court are disqualified were waived by the parties to this proceeding. Since the agreement that the case might be heard and determined by a majority of the Supreme Court justices did not in any way affect the jurisdiction of the court, the waiver of the right to additional justices in accordance with said statute was properly made by those entitled to the statutory benefits.

*Exceptions overruled.*

BRANCH, C. J., and DUNCAN, J., did not sit: the others concurred.